884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Joseph SIMMONS, Plaintiff-Appellant,
v.
Woody PERRY, Investigator of Myrtle Beach, South Carolina,
City of Myrtle Beach, South Carolina, Ronald J. Mcelligott,
II, D.E.A. Special Agent, Barbara Thibodeaux, Charleston
County Police Department, B.F. Thibodeaux, Metro Major Case
Unit, Charleston County Police Department, D.E.A. Agency,
Defendants-Appellees.
 No. 88-7733.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 5, 1989.
Decided July 24, 1989.
 
 John Joseph Simmons, appellant pro se.
 John C. Thomas, McCutcheon, McCutcheon & Baxter, PA, for appellees.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 John Joseph Simmons appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983 and Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Simmons v. Perry, C/A No. 4:86-2164-8J (D.S.C. Aug. 4, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 The district court was correct in addressing the merits of Simmons' fourth amendment claims alleging unlawful search and seizure in connection with his arrest and conviction on drug charges. Although a disposition of the claims favorable to Simmons might have tended to undermine the validity of his conviction, see Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982), the record indicates that Simmons exhausted state remedies relative to the claims, as required by 28 U.S.C. Sec. 2254(b)